JACKMAN V. BECK, ET AL.

1. MORTGAGE: *Of undivided half interest in land.*
 A mortgage of an undivided moiety in land will not be transferred and limited to the whole of a particular part of it allotted to the mortgagor in severalty by a subsequent partition between the co-tenants to which the mortgagee was not a party, nor assented.

2. CHANCERY SALES: *Foreclosing mortgage on land to be on credit.*
 A decree for the sale of land in satisfaction of a mortgage should direct a sale on credit, as provided by the Statute, and not for cash.

APPEAL from *Chicot* Circuit Court in Chancery.
Hon. T. F. SORRELLS, Circuit Judge.

STATEMENT.

On the twenty-fifth of February, 1875, Jackman executed to Beck his note for the sum of $3500, payable the first day of October following; and to secure its payment, executed to him, on the same day, a mortgage upon his undivided half interest in a number of tracts of land in Chicot county, which belonged to him, and one Charles Carleton, as tenants in common.

After the maturity of the note, Beck filed in the Chicot Circuit Court, his complaint in equity against Jackman, alleging the execution of the note and mortgage, and the non-payment of the note, and praying for judgment for the debt, and for a sale of Jackman's undivided interest in the land for its satisfaction, and a foreclosure of his equity of redemption. Jackman answered, admitting indebtedness to Beck, but contesting the amount, and alleging that since the execution of the mortgage, he and Carleton had partitioned the lands between them, and prayed that the amount of his indebtedness be ascertained and fixed as a lien upon

the part of the lands allotted to him in the partition, and that they be sold for the satisfaction of the amount that should be found due to the plaintiff.    Carleton was made a defendant, and filed an answer denying the partition and asserting a lien upon Jackman's interest in the lands for the taxes paid for him.

Upon the hearing, the Circuit Court found that Jackman was indebted to Beck in the sum of $3489, and that the partition between Jackman and Carleton being subsequent to the execution of the mortgage, did not affect Beck's interest in the undivided half interest in the whole, and decreed that the plaintiff recover from Jackman the amount found due him ($3489), and if the same should not be paid by a fixed day, said undivided moiety of the whole of the lands be sold for one half cash, and the balance on credit of eight months for the satisfaction of the judgment.    Jackman appealed.

*D. H. Reynolds*, for appellant.

Cited *Jones on mortgages, p.* 706, to show  that the mortgage lien, upon an undivided half of lands, follows the portion of the mortgagor upon subsequent partition, made by consent of the mortgagee.    The pleadings in this cause do not show whether the mortgagee desires it or not.   Generally, to show that the lien follows the share of mortgagor on partition.  *Jackson* v. *Pierce*, 10 *J. R.*, 414 ; *Quaw* v. *Lamereaux*, 36 *Wis.* 626 ; *Hall* v. *Morris et al*, 13 *Bush.* *(Ky.)*

*Valentine*, for appellee :

Urged the same point, and desired the decree to be corrected, as asked by appellant.

HARRISON, J.   It is insisted by the appellant that upon the partition of the land, the mortgage attached to the

whole of the portion set off to him in severalty, and that set off to Carleton was entirely released. This no doubt would have been the effect of the partition if the mortgagee had been a party to it, or had ratified it. *Jones on Mortgages*, sec. 706; *Colton* v. *Smith*, 11 *Pick.*, 311; *Bradley* v. *Fulton*, 23 *Pick.*, 1.

But there was no proof of a ratification by the mortgagee, and of his assent to a change in his security, and the decree as to the foreclosure was, therefore, correct; but the sale should have been on a credit, as required by the Statute, and for no part cash. And for this error the decree must be reversed.

The cause will be remanded to the Court below, with instructions, should the mortgagee consent thereto, as it has been suggested here by his counsel he will, to decree a foreclosure as to the whole of the portion of the lands set off to Jackman, and not as to any part of that to Carleton; if not, as to the undivided half of the whole, and a sale of the same as provided by the Statute.